# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-                                      **Case No. 12-C-251**
                                                      10-CR-67

**MICHAEL HAYES,**

    Movant.

## DECISION AND ORDER

Michael Hayes moves for relief under 28 U.S.C. § 2255. Hayes was sentenced to 40 months imprisonment after pleading guilty to one count of being a felon in possession of a firearm. Hayes did not appeal, but Hayes now alleges that his attorney failed to file an appeal despite being instructed to do so. Hayes also alleges ineffective assistance for failing to file a motion to suppress the firearm which formed the basis for the conviction.

Ineffective assistance claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500 (2003). To succeed on his claims for ineffective assistance of counsel, Hayes must demonstrate that counsel's performance was deficient as an objective matter – namely, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Raygoza v. Hulick*, 474 F.3d 958, 962 (7th Cir. 2007) – and that counsel's deficient performance prejudiced the defense

so that there is a reasonable probability that the outcome would have been different without the deficiency. *United States v. Malone*, 484 F.3d 916, 919 (7th Cir. 2007).

When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is *per se* ineffective assistance of counsel. *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010). To succeed on such a claim, a defendant must show that he actually requested his attorney file an appeal. *Id.* (citing *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994) ("Request is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue"). In his motion, sworn under penalty of perjury, Hayes states that he "requested counsel to file a notice of appeal concerning the sentence and the legality of the search. Although leading this Movant to believe that said notice would be filed, counsel filed no such notice, which resulted in this Movant being denied his right to appeal the judgment of the district court, thus his sentence and conviction." For his part, defendant's attorney (William Burke) denies that he was ever instructed to file an appeal.

This is the type of issue that might normally need to be resolved with an evidentiary hearing. Rule 8(a), Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). Nonetheless, the rule in this circuit is that "in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit

which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). "While the petitioner is correct that this court requires a district court to grant an evidentiary hearing if a § 2255 petitioner alleges facts that, if proven would entitle him to relief, the threshold determination that the petitioner has sufficiently alleged such facts requires the petitioner to submit a sworn affidavit showing what specific facts support the petitioner's assertions." *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002).

In *Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006), the district court refused to hold an evidentiary hearing because the movant's allegations were not made under penalty of perjury, but the Seventh Circuit remanded, noting the "'better practice,' suggested by the Advisory Committee Notes, of instructing [the movant] to amend his motion by submitting it under oath or by attaching an affidavit." 467 F.3d at 1070. The Seventh Circuit also noted that the motion included "allegations of sufficient specificity to permit the district court to make at least a threshold evaluation of them." *Id.* By contrast, in the instant case, Hayes' allegation that he instructed his attorney to file an appeal is nothing more than an unsupported assertion that is completely devoid of specific facts. When compared to the detailed and specific allegations in *Kafo*, there is no comparison.[1]

---

[1] "During the sentencing phase of the instant case, the Judge pursuant to Rule 32(a)(2), informed petitioner of his right to appeal, and that he had ten days to give notice to the court. Petitioner immediately informed counsel that he wants an appeal filed because the sentence imposed upon him went beyond what counsel had told him to expect. Counsel responded and told petitioner to call him later in regards to an appeal. Petitioner followed up with several phone calls, and counsel reassured petitioner that the appeal will be filed appropriately. To be certain that counsel will meet up with petitioner's appeal request, petitioner instructed his family to call counsel in that regard, given that the sentencing judge had given a ten day window to effect notice of appeal to the court. Few weeks after sentence, petitioner again called counsel to find out the situation with this appeal, but counsel responded by telling petitioner to file the appeal himself.
(continued...)

Moreover, in *Kafo*, the district court by all accounts denied the request for an evidentiary hearing without the benefit of any contrary evidence supplied by the government. Herein, Attorney Burke avers that no "notice of appeal was ever requested or suggested by the defendant. The defendant knew through conversation with the affiant [that] the structure of the United States Sentencing Guidelines, the impact of the sentencing guidelines and, the impact Mr. Hayes' lower than guidelines sentences resulted in no issues remain for appeal. The affiant did not abandon the defendant, but in fact stayed in communication with him even after his latest incarceration and his involuntary surrender. Mr. Hayes' appellate rights were discussed continually, as were the lack of appellate record. At no time did Mr. Hayes request an appeal be filed but rather, those discussions involved other alternatives, such as 5K1 or Rule 35 that might allow Mr. Hayes some relief from his sentence." ECF No. 3-1, ¶ 6. Accordingly, the Court finds that an evidentiary hearing is unnecessary on Hayes' claim that his attorney ignored his instruction to file an appeal.

Hayes also argues that his attorney was ineffective for not pursuing a motion to suppress the weapon that formed the basis of his conviction. According to the plea agreement, Hayes' car was stopped based on a tip from an informant who stated that he saw a man reach into a dark colored van and pull out a handgun. The van was searched after the officer saw that Hayes did not have a gun on his person. Hayes offers nothing to suggest that

---

[1](...continued)
Petitioner in dismay and disbelief could not ascertain counsel's reason(s) for not effecting his appeal, as he had promised. Thus prompting petitioner to file the habeas corpus 2255 petitioner, now before this Honorable Court. The fact is that petitioner is a layman, hence, does not know how to tackle issues concerning the law, and whole heartedly trusted and relied on counsel to carry out his wishes, in regards to the appeal in question. Such failure by counsel to fulfill petitioner's request to file an appeal, despite promises to do so, rendered counsel ineffective." *Kafo* at 1070 n.10.

-4-

Case 2:12-cv-00251-RTR   Filed 08/08/12   Page 4 of 6   Document 7

these facts, which demonstrate that the officers had probable cause to stop the van, search the van, and seize the handgun, are inaccurate. Hayes claims that the gun was found under a towel, but even if it was, the seizure was still valid. *Arizona v. Gant*, 556 U.S. 332, 347 (2009) ("If there is probable cause to believe a vehicle contains evidence of criminal activity, [police may search] any area of the vehicle in which the evidence might be found"). Failure to raise a losing argument is not ineffective assistance of counsel. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

In connection with this order, the Court must "issue or deny a certificate of appealability . . ." Rule 11(a), Rules Governing Section 2255 Proceedings. The Court will not issue a certificate because it is not debatable among reasonable jurists whether this petition should have been resolved in a different manner or that the issues deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Hayes' motion [ECF No. 1] is **DENIED**;

2. Hayes' request for a certificate of appealability is **DENIED**; and

3. This matter is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2012.

**BY THE COURT**:

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**